# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | Case No. 12-40044-04-JAR |
| v. ) | Case No. 13-4062-JAR |
| ) | |
| JANAYA LECHELLE STEWART, ) | |
| ) | |
| Defendant/Petitioner. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Janaya Stewart's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 179). In her motion, Petitioner seeks relief on grounds that she was denied effective assistance of counsel. The Government has responded (Doc. 186). After a careful review of the record and the arguments presented, the Court denies in part Petitioner's motion without further evidentiary hearing, and directs the parties to expand the record with respect to Petitioner's claim that counsel failed to file a notice of appeal.

## I.   Factual and Procedural Background

On October 29, 2012, Petitioner pleaded guilty to Count 8 of the Indictment charging her with distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1).[1] As part of the factual basis for her plea, Petitioner admitted the following:

> On November 3, 2011, members of the Topeka Police Department
> Narcotics Unit were using the services of a confidential informant
> to buy crack cocaine from apartments here in Topeka, in the

---

[1] Doc. 88.

District of Kansas. On that date, the investigators sent the
confidential informant into the bottom apartment located at 512
S.W. Taylor. The door was controlled by Audrey Ferguson, who
admitted the CI to the presence of the defendant Janaya Lechelle
Stewart, who bagged up crack cocaine in return for eighty dollars
in buy money, and gave the cocaine base to the confidential
informant. The CI left the apartment and was followed to a secure
location where the drugs were turned over to Officer Kim Hanika.
The drugs were taken to the K.B.I. laboratory where the
composition of the drugs was determined to be cocaine base,
commonly known as crack cocaine, and the weight was .64 gram.[2]

In anticipation of sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSIR").[3] Because Petitioner was part of a conspiracy to distribute cocaine and cocaine base, the PSIR held her accountable for the amounts of cocaine, cocaine base, and marijuana recovered during the entire course of her criminal conduct with her criminal associates:

> The defendant was part of a conspiracy led by Glennard Hayes to
> distribute crack cocaine along with Terry Thomas, Audrey
> Ferguson, and Willie Halcrombe. The acts committed by Stewart
> were within the scope of the defendant's jointly undertaken
> criminal activity with Thomas, Ferguson, Halcrombe and Hayes,
> were in furtherance of the conspiracy and were reasonably
> foreseeable to the defendant. Therefore, the drug quantity
> attributable to the defendant is based on all of the drugs distributed
> by Thomas, Ferguson, Hayes and Halcrombe.
>
> Drug amounts were not available from all 17 controlled buys of
> crack cocaine during this investigation; therefore, those amounts
> were not included in the drug calculation. The drug amounts from
> the controlled buys listed in the charging counts of the Indictment
> total 4.73 net grams of cocaine base.
>
> The total amount of drugs found from the search warrants totaled
> 62.60 net grams of cocaine hydrochloride, 2.24 net grams of

---

[2] *Id.* ¶ 2.

[3] Doc. 138.

2

marijuana, and 22.36 net grams of cocaine base.

The drug calculation is equal to 109.93 kilograms of marijuana.[4]

Based on this calculation, the PSIR determined that Petitioner's base offense level was 26.[5] To this base offense level, the PSIR added two levels because Petitioner maintained a premises for the purpose of distributing a controlled substance,[6] subtracted three levels because Petitioner accepted responsibility by entering a plea,[7] and arrived at a total offense level of 25.[8] This total offense level, combined with Petitioner's criminal history category of III,[9] yielded an advisory Guidelines sentencing range of 70 to 87 months.[10] Petitioner moved for a downward-variance from this range, citing her traumatic personal history and characteristics. The Court granted her motion on these asserted grounds at the January 28, 2013 sentencing hearing, and imposed a sentence of 28 months.[11]

Petitioner did not file a direct appeal to the United States Court of Appeals for the Tenth Circuit. Petitioner filed this timely § 2255 Motion on June 3, 2013.[12]

## II.    Legal Standards

---

[4]*Id.* ¶¶ 42-45.

[5]*Id.* ¶ 51.

[6]*Id.* ¶ 52.

[7]*Id.* ¶ 58-59.

[8]*Id.* ¶ 60.

[9]*Id.* ¶ 76.

[10]*Id.* ¶ 114.

[11]Doc. 152, 153.

[12]*See* 28 U.S.C. § 2255(f)(1) ("A 1-year period of limitation shall apply to a motion under this section. The limitation shall run from . . . the date on which the judgment of conviction becomes final.").

## A. General § 2255 Standards

Under § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. . . .

An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[13] Petitioner must allege facts which, if proven, would warrant relief from his conviction or sentence.[14] An evidentiary hearing is not necessary where the factual allegations in a § 2255 motion are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[15]

A district court may grant relief under § 2255 if it determines "that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or

---

[13] 28 U.S.C. § 2255(b).

[14] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235 (1996).

[15] *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Hatch*, 58 F.3d at 1471 ("the allegations must be specific and particularized, not general or conclusory"); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims which are merely conclusory in nature and without supporting factual averments).

otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."[16] "Review under § 2255 is not an alternative to appellate review for claims that could have been presented on direct appeal but were not."[17] A movant may overcome this procedural bar by showing either of "two well recognized exceptions."[18] First, the movant must show good cause for not raising the issue earlier and actual prejudice to the movant's defense if the issue is not considered.[19] Cause may "be established by showing that counsel rendered constitutionally ineffective assistance."[20] Second, the "failure to consider the federal claims will result in a fundamental miscarriage of justice."[21]

### B. Ineffective Assistance of Counsel

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."[22] A successful claim of ineffective assistance of counsel must meet the two-pronged test set forth in *Strickland v. Washington*.[23] First, a defendant must show that his counsel's performance was deficient in that

---

[16] 28 U.S.C. § 2255.

[17] *United States v. Magleby,* 420 F.3d 1136, 1139 (10th Cir. 2005), *cert. denied,* 547 U.S. 1097 (2006).

[18] *United States v. Cervini,* 379 F.3d 987, 990 (10th Cir. 2004), *cert. denied,* 544 U.S. 904 (2005).

[19] *Id.*

[20] *United States v. Wiseman,* 297 F.3d 975, 979 (10th Cir. 2002) (citations omitted).

[21] *Cervini,* 379 F.3d at 990 (quoting *Coleman v. Thompson,* 501 U.S. 722, 750 (1991)); *see Bousley v. United States,* 523 U.S. 614, 621–22 (1998) (holding that a showing of actual innocence meets the fundamental miscarriage of justice prong).

[22] U.S. Const. amend. VI; *Kansas v. Ventris*, 556 U.S. 586 (2009).

[23] 466 U.S. 668 (1984).

it "fell below an objective standard of reasonableness."[24] To meet this first prong, a defendant must demonstrate that the omissions of his counsel fell "outside the wide range of professionally competent assistance."[25] This standard is "highly demanding."[26] Strategic or tactical decisions on the part of counsel are presumed correct, unless they were "completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy."[27] In all events, judicial scrutiny of the adequacy of attorney performance must be strongly deferential: "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[28] Moreover, the reasonableness of the challenged conduct must be evaluated from counsel's perspective at the time of the alleged error; "every effort should be made to 'eliminate the distorting effects of hindsight.'"[29]

Second, a defendant must also show that his counsel's deficient performance actually prejudiced his defense.[30] To prevail on this prong, a defendant "must show there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different."[31] A "reasonable probability" is a "probability sufficient to undermine

---

[24]*Id.* at 688.

[25]*Id.* at 690.

[26]*Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

[27]*Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quotation and citations omitted).

[28]*Strickland*, 466 U.S. at 689.

[29]*Edens v. Hannigan*, 87 F.3d 1109, 1114 (10th Cir. 1996) (quoting *Strickland*, 466 U.S. at 689).

[30]*Strickland*, 466 U.S. at 687.

[31]*Id.* at 694.

confidence in the outcome."[32] This, in turn, requires the court to focus on "the question whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[33] When ineffective assistance of counsel is alleged to have occurred at the plea stage, the defendant must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process."[34] In other words, the defendant must show a reasonable probability that but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.[35]

A defendant must demonstrate both *Strickland* prongs to establish a claim of ineffective assistance of counsel, and a failure to prove either one is dispositive.[36] "The performance component need not be addressed first. 'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'"[37]

---

[32]*Id.*

[33]*Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

[34]*Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

[35]*Id.*

[36]*Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

[37]*Id.* (quoting *Strickland*, 466 U.S. at 697); *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

## III. Discussion

Petitioner requests relief under § 2255 on four grounds of ineffective assistance of counsel: 1) that her counsel ineffectively "failed to argue the amount and purity of the drug"; 2) that her counsel ineffectively "failed to present the issue of her constitutional rights violations"; 3) that her counsel ineffectively "failed to explain . . . the sentencing guidelines"; and 4) that her counsel ineffectively failed to file a notice of appeal on her behalf after she requested he do so. The Court discusses each claim in turn.

### A. Failure to Argue Amount and Purity of Drug

Petitioner's claim consists entirely of her conclusory statement that her counsel "failed to argue the amount and purity of the stated drug." This claim fails because Petitioner has not "articulated specific and particularized factual allegations which, if proven, would entitle her to relief.[38] As the Government points out, Petitioner does not support this claim by pointing to any facts of record or legal bases that her counsel could have used to challenge the amount and purity of the drugs at issue. Nor does Petitioner identify any portion of the PSIR that her counsel could have objected to on the basis that it incorrectly reported the amount or purity of the drugs for which she was held accountable.

Petitioner's failure requires the Court to deny her claim under both *Strickland* prongs. Petitioner does not show that her counsel performed deficiently under *Strickland's* first prong

---

[38]*See United States v. Weeks*, 653 F.3d 1188, 1200 (10th Cir. 2011) (considering whether defendant "has articulated facts which, if proven, would entitle him to relief" for purposes of determining whether district court erred in denying his § 2255 petition); *Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001) (en banc) ("[T]he petitioner bears the burden of alleging facts which, if proved, would entitle him to relief. Moreover, his allegations must be specific and particularized; conclusory allegations will not suffice to warrant a hearing." (internal alterations, quotation marks, and citations omitted).

because she does not identify any factual or legal issue that counsel could have asserted, but did not, that her sentence should have been based on a lower drug quantity. Indeed, the calculated drug quantity had little impact on the sentence Petitioner ultimately received, as the Court granted her a downward variance to 28 months' custody. Because Petitioner cannot make this showing, she necessarily fails to establish that counsel's alleged deficient performance prejudiced her or otherwise affected the sentence that this Court imposed.

### B. Failure to Present Constitutional Rights Violations

Petitioner claims her counsel ineffectively "failed to present the issue of my constitutional rights violations." Like her prior claim, this claim fails because Petitioner does not articulate any specific and particularized factual allegations which, if proven, would entitle her to relief.[39] Although Petitioner generally alleges violations of her Fourth, Fifth, Sixth, Tenth, and Fourteenth Amendment rights, she does not identify with any specificity and particularity how any constitutional right was violated, at what stage of the proceedings the violation occurred, or give any other information about these alleged violations. Nor does Petitioner support this claim by pointing to any facts of record or legal bases that her counsel could have used to challenge the constitutionality of any aspect of her prosecution, conviction, or sentence. As with her previous claim, Petitioner's failure to support this claim requires this Court to deny it under both *Strickland* prongs, as she cannot show either deficient performance or prejudice.

---

[39]*Id*.

### C. Failure to Explain Sentencing Guidelines

Petitioner claims that her counsel "failed to explain to the defendant the sentencing guidelines, therefore counsel's performance was deficient and prejudiced the defendant." Again, Petitioner's claim fails because she does not articulate specific and particularized factual allegations.[40] As the Government points out, Petitioner does not identify what her counsel failed to explain to her about the Guidelines, or how this failure prejudiced her. She does not claim that this alleged failure of explanation caused her to enter her plea unknowingly or unintelligently, or that such failure affected her sentence. And again, this failure requires the Court to deny this claim under both *Strickland* prongs, as Petitioner cannot show that counsel's performance was deficient and prejudicial.

### D. Failure to File Direct Appeal

Finally, Petitioner claims that counsel was ineffective because he did not file an appeal after she asked him to do so. Where a lawyer disregards specific instructions to file a criminal appeal, counsel is deemed to have acted in a manner that is both professionally unreasonable and presumptively prejudicial.[41] If a defendant requests an appeal, counsel must file a timely notice of appeal. If counsel believes after conscientious examination that an appeal is wholly frivolous, he must file a motion to withdraw and an accompanying brief under *Anders v. California*.[42]

---

[40]*Id*.

[41]*See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (finding a lawyer who disregards specific instructions from defendant to file a notice of appeal acts in a manner that is professionally unreasonable; presumptive prejudice arises that cannot be rebutted by showing of futility or lack of merit to the issues on appeal); *Unites States v. Snitz*, 342 F.3d 1154, 1155-56 (10th Cir. 2003) (holding a defendant is entitled to an appeal if he told his counsel that he wanted to appeal, even if counsel believed the appeal lacked merit).

[42]386 U.S. 738 (1967).

The Tenth Circuit has not been hesitant to remand for an evidentiary hearing in § 2255 cases dealing with an attorney's failure to file a notice of appeal.[43] "But this does not imply that a habeas petitioner is automatically entitled to an evidentiary hearing merely because he makes a bald allegation that his attorney refused to file an appeal."[44] To warrant an evidentiary hearing, the defendant must present detailed and specific facts to back up his allegation, instead of "vague, conclusory, or palpably incredible" allegations.[45] Here, Petitioner's § 2255 motion simply states "[d]efense counsel failed to file a 'notice of appeal' when I requested it, after I was sentenced." In response, the Government attaches the Affidavit of Michael M. Jackson, Petitioner's counsel, who avers that Petitioner did not request that he file an appeal on her behalf after the sentencing hearing or at any time during the period of his representation of her.[46] Mr. Jackson further avers that upon receipt of the Judgment entered January 30, 2013, he mailed a copy of the Judgment along with correspondence attached to the Affidavit.[47] However, no such correspondence or attachments are included with Affidavit or Government response. Accordingly, the Court is left with conclusory contradictory statements by Petitioner and counsel on this issue.

---

[43]*See, e.g.,United States v. Garrett*, 402 F.3d 1262, 1267 (10th Cir. 2005) (declaring that presumption of prejudice applies even where the defendant waived his right to appeal in a plea agreement "regardless of whether, from the limited perspective of collateral review, it appears that the appeal will not have any merit"); *United States v. Lee-Speight*, 529 F. App'x 903, 905-06 (10th Cir. 2013) (remanding with directions for district court to vacate its original judgment and develop the factual record necessary to resolve the merits of defendant's claim that counsel ineffectively failed to file a notice of appeal).

[44]*United States v. Harrison*, 375 F. App'x 830, 833 (10th Cir. 2010).

[45]*Id.* (explaining that without "detailed and specific facts to back up his allegation . . . his claims are vague, conclusory and palpably incredible and he cannot make a substantial showing of the denial of a constitutional right.")

[46]Doc. 186, Ex. A.

[47]*Id.*

Under these circumstances, the Court declines to order an evidentiary hearing without first exercising its discretion to develop the record on this issue. The "district court retains flexibility to utilize alternative methods to expand the record without conducting an expansive hearing."[48] The Supreme Court has said that a § 2255 movant is not always entitled to a full hearing simply because the record "does not conclusively and expressly belie his claim."[49] Thus, the Court will give both sides thirty (30) days to expand the record. Petitioner is expected to supply factual details in support of her sworn statement that she requested counsel to file a notice of appeal. The Government is expected to submit the correspondence and any other relevant documents missing from Mr. Jackson's Affidavit. The Court will then determine the need for an evidentiary hearing after reviewing the expanded record.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 179) is **denied** without a hearing with respect to three of her four claims of ineffective assistance of counsel as set forth in detail above;

**IT IS FURTHER ORDERED** that both sides shall **have thirty (30) days** from the date of this Order to expand the record as set forth above; the Court defers ruling on Petitioner's fourth claim, that counsel was ineffective for failure to file a notice of appeal, until it has reviewed the expanded record; the Court also defers ruling on a Certificate of Appealability until such time as it has ruled on the remaining claim.

---

[48] *Lee-Speight*, 529 F. App'x at 907 n.5 (citing *Machibroda v. United States*, 368 U.S. 487, 495 (1962)).

[49] *Machibroda*, 368 U.S. at 495–96.

**IT IS SO ORDERED.**

Dated: March 31, 2014

                                               S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE