**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff/Respondent**, | ) |
| | ) **Case No. 12-40044-04-JAR** |
| v. | ) **Case No. 13-4062-JAR** |
| | ) |
| **JANAYA LECHELLE STEWART,** | ) |
| | ) |
| **Defendant/Petitioner.** | ) |
| | ) |

**MEMORANDUM AND ORDER**

On March 31, 2014, this Court denied in part Petitioner Janaya Lechelle Stewart's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 187) with respect to three of her four claims of ineffective assistance of counsel. The Court also ordered the parties to develop a factual record on the remaining claim that counsel was ineffective for failure to file a notice of appeal. The Government has moved for leave to supplement the record (Doc. 193). Petitioner has not moved to supplement or expand the record or otherwise responded to the Court's order.[1] For the reasons set forth below, the Court grants the Government's motion to supplement the record and denies Petitioner's remaining claim without an evidentiary hearing.

**I.   Discussion**

The Court will not repeat the facts or analysis set forth in its previous Order, which it incorporates by reference herein, except as necessary to address the remaining issue of ineffective assistance of counsel with respect to filing a notice of appeal.

---

[1]The parties were given a total of sixty (60) days to expand the record. Doc. 192.

As previously discussed, where a lawyer disregards specific instructions to file a criminal appeal, counsel is deemed to have acted in a manner both professionally unreasonable and presumptively prejudicial.[2]  The primary issue before the Court is whether an evidentiary hearing is needed on this claim.  Here, Petitioner's § 2255 motion simply states, "[d]efense counsel failed to file a 'notice of appeal' when I requested it, after I was sentenced."  Petitioner does not expand the record to provide details surrounding the timing or content of her request, *e.g.*, whether she asked counsel in the courtroom, or whether she called or contacted him after the hearing or upon receiving the Judgment, or the specifics of any conversation they had about filing an appeal.  The Government submits an affidavit of Michael M. Jackson, Petitioner's counsel, who avers that immediately after the sentencing hearing on January 28, 2013, he told Petitioner that she had the right to file an appeal and that she told him she did not want to file an appeal.[3]  Jackson further avers that he mailed a copy of the Judgment to Petitioner on February 4, 2013, along with a letter explaining that she had the right to appeal the sentence, but that she had waived her right to do so and that in his opinion, there were no grounds for an appeal.[4]  Jackson also stated in the letter that if Petitioner had any questions, she should call him collect.[5]

To warrant an evidentiary hearing, a petitioner must present detailed and specific facts to back up her allegation, instead of "vague, conclusory, or palpably incredible" allegations.[6]

---

[2] *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *United States v. Snitz*, 342 F.3d 1154, 1155-56 (10th Cir. 2003).

[3] Doc. 193, Ex. 1.

[4] *Id*.

[5] *Id*.

[6] *United States v. Harrison*, 375 F. App'x 830, 833 (10th Cir. 2010).

Based on the expanded record before it, the Court concludes that an evidentiary hearing is not needed. Petitioner's conclusory allegations are without supporting factual averments, and are contradicted by the record. Accordingly, Petitioner's final claim of ineffective assistance of counsel is also denied.

## II.     Certificate of Appealability

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[7] A petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[8] A petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA. She must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[9] "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it."[10] For the reasons detailed in the Court's Memorandum and Orders, Petitioner has not made a substantial showing of the denial of a constitutional right, and the Court denies a COA as to its ruling dismissing her

§ 2255 motion without a hearing.

---

[7] 28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[8] *Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

[9] *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[10] *Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Janaya Lechelle Stewart's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 179) is DENIED without a hearing; Petitioner is also denied a COA.

**IT IS FURTHER ORDERED** that the Government's Motion for Leave to Supplement Record (Doc. 193) is GRANTED.

**IT IS SO ORDERED.**

**Dated: June 9, 2014**

                                       **S/ Julie A. Robinson**

                                       **JULIE A. ROBINSON**

                                       **UNITED STATES DISTRICT JUDGE**